IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YVETTE MARSHALL | : | CIVIL ACTION - LAW |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No: |
| WAL-MART STORES EAST, LP and | : | |
| TYLER JAMES, and | : | |
| DELVAL PROPERTIES ASSOCIATES and | : | |
| DELVAL PROPERTIES, INC. | : | |
|     Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

**DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL**

Defendant Wal-Mart Stores East, LP (hereinafter referred to as "Walmart"), by and through its undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Philadelphia County Court of Common Pleas, July Term 2022, No. 01360, where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania, and avers in support thereof as follows:

1. Plaintiff Yvette Marshall (hereinafter "Plaintiff") initiated this personal injury action by filing a Complaint in the Court of Common Pleas of Philadelphia County on or about July 18, 2022. *See* a true and correct copy of Complaint hereto as Exhibit "A."

2. Plaintiff alleges that on or about February 1, 2021, she slipped and fell on water inside the Walmart store located at 650 S. Trooper Road, Norristown, PA, also known as Walmart Store #3475. *See* Exhibit "A," ¶10.

3. Plaintiff has not filed an Affidavit of Service upon Walmart as of the date of this filing; but upon information and belief, Walmart received a copy of the Complaint at its corporate headquarters in Bentonville, Arkansas on August 1, 2022.

4. As a result of her alleged fall, Plaintiff alleges she sustained "serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and other ills and injuries, including to the right hip as well as to the right foot." *See* Exhibit "A," ¶13.

5. She specifically alleges damages in excess of $75,000. *See* Exhibit "A," *ad damnum* clauses.

6. In addition to Walmart Stores East LP, Plaintiff also names three Co-Defendants: Delval Properties Associates, Delval Properties Inc., and Tyler James.

7. Plaintiff claims that the Delval Defendants, and Tyler James individually, were "the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at 650 S. Trooper Road, Norristown, PA." *Id.* at ¶¶ 3-7.

8. However, the claims against the Co-Defendants are not colorable in any manner; therefore, they are fraudulently joined Defendants whose citizenship is incapable of destroying diversity.

9. As Plaintiff specifically alleges damages in excess of $75,000, it appears undisputed that the amount in controversy exceeds the jurisdictional minimum.

10. Removal from the Philadelphia County Court of Common Pleas is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District

Courts of the United States has original jurisdiction and if none of the parties in interest **properly** joined and served as a defendant is a citizen of the state in which such action is brought.

11. For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000.

**I.   The Claims Against Co-Defendants Delval Properties Associates, Delval Properties, Inc., and Tyler James Are Not Colorable; Therefore, They Are Fraudulently Joined Defendants Whose Citizenship Cannot Defeat Diversity**

12. Plaintiff named Co-Defendants, Delval Properties Associates, Delval Properties Inc. and Tyler James with the goal of defeating diversity. *See* Exhibit "A," caption.

13. However, these Co-Defendants were fraudulently joined; therefore, their inclusion in this lawsuit is incapable of defeating diversity.

14. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006) (*citing Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

15. "In a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Briscoe*, *id.* at 216.

16. "'Fraudulent joinder' is a term of art – a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined. Rather, the standard consists of two independently sufficient tests – one objective and one subjective." *Lopez v. Home Depot, Inc.*, 2008 U.S. Dist. LEXIS 56292, *4-5 (E.D. Pa. Jul. 22, 2008) *(citing Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

17. Joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, **or** no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Arndt v. Johnson & Johnson*, 2014 U.S. Dist. LEXIS 28629, *8-9 (E.D. Pa. Mar. 5, 2014) (*quoting Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)) (emphasis added).

18. In determining whether there has been a fraudulent joinder, the Court may "'look beyond the allegations of plaintiffs' complaint' and examine the underlying facts." *Lopez*, 2008 U.S. Dist. LEXIS 56292 at * 5 (*quoting Abels*, 770 F.2d at 32).

19. Pursuant to the Ground Lease between Walmart and Delval Properties Associates d/b/a Delval Properties Inc., Delval was a landlord out of possession and had no responsibility to maintain the interior of Store #3475 where Plaintiff's alleged incident occurred. See pertinent portions of the Ground Lease attached hereto as Exhibit "B," which provide as follows:

> "**MAINTENANCE BY LESSEE**. Lessee covenants throughout the term hereof at its sole cost and expense to keep the Premises (including maintenance of exterior entrances, all glass and show window mouldings) and all partitions, doors, fixtures, equipment, roof, sprinkler system, pest control, structural walls, drive-in lanes, and appurtenances thereof (including lighting, heating, and plumbing fixtures, and any air conditioning system, which shall including the building and all Limited Common Elements of Unit 1 (except for those items for which Lessor is responsible for pursuant to Section 8 of this Lease), in good repair, order, and condition making all repairs or replacements thereto as may be required or necessary, all replacements and repairs to be of the same quality, design, and class as the original work."

*See* Exhibit "B," Lease, Section 27 (emphasis added).

20. Pursuant to a sublease on the same property, Wal-Mart Stores East, LP operated Store #3475 at all material times. *See* a copy of the sublease attached hereto as Exhibit "C."

21. Under Pennsylvania law, a landlord out of possession cannot be held liable in negligence. *See Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. 2007) ("As a general rule, a landlord out of possession is not liable for injuries incurred by third parties on the leased premises because the landlord has no duty to such persons.").

22. Because Wal-Mart Stores East, LP was solely responsible for maintaining the Store's interior, Wal-Mart Stores East, LP will be liable for any damages should Plaintiff prevail.

23. Plaintiff also names Tyler James, who she misidentifies as a manager working at Store #3475 at the time of the incident.

24. However, there was no Tyler James employed at Walmart Store #3475 in any capacity at the time of the alleged incident. See the affidavit of Tiffany Southall attached hereto as Exhibit "D," where the Store's personnel manager attests that no such person worked at the Store as of the date of incident; *see also Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994) saying that the Court can consider affidavits when determining removal based on fraudulent joinder.

25. Accordingly, Wal-Mart Stores East, LP is the only properly named Defendant; and the Co-Defendants' inclusion in this lawsuit does not defeat diversity of citizenship. *In re Diet Drugs*, 220 F. Supp. 2d 414, 419 (E.D. Pa. Aug. 13, 2002) (stating that "[t]he presence of a party fraudulently joined cannot defeat removal").

26. Notably, no finding of bad faith or fraud is necessary in order to remove based on fraudulent joinder. It is sufficient for the removing defendant to establish that the claims against the fraudulent joined defendants are not colorable. *See Arndt*, *supra.*

27. Moreover, fraudulently joined parties need not consent to removal. *Arndt*, 2014 U.S. Dist. LEXIS 28629 at *8-9 (stating that the "unanimity rule may be disregarded if a defendant has been fraudulently joined").[1]

28. As the claims against Defendants Delval and James lack any reasonable basis in fact or in law, should be dismissed in their entirety.

## II. Plaintiff Is Wholly Diverse From the Only Properly Named Defendant and Specifically Avers That the Matter in Controversy Exceeds $75,000; Therefore, The Court Has Original Jurisdiction Over This Case Based on Diversity of Citizenship

29. Plaintiff is diverse from the only properly named Defendant, Wal-Mart Stores East, LP.

30. Plaintiff resides at 131 Stanbridge Street, Apartment 1, Norristown, PA and is a citizen of the Commonwealth of Pennsylvania. See Exhibit "A," ¶ 1.

31. Wal-Mart Stores East, LP is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business located in Bentonville, Arkansas. Walmart Inc., which is a Delaware corporation with its principal place of business in Arkansas, is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows: Walmart Inc. (WMI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas limited liability company with its principal place of business in Arkansas. Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas. WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP. WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP. Accordingly, Wal-Mart Stores East, LP is

---

[1] Although consent is not required under the circumstances, Walmart was able to obtain consent from Defendants Delval Properties Associates and Delval Properties Inc.

owned by two Delaware limited liability companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly owned by a Delaware corporation (WMI).

32. None of Wal-Mart Stores East, LP's limited or general partners are citizens of the Commonwealth of Pennsylvania.

33. Therefore, Wal-Mart Stores East, LP is a citizen of Delaware and Arkansas and wholly diverse from Plaintiff.

34. For the reasons set forth herein, Plaintiff is diverse from the only properly joined Defendant, and the requirements for removal under 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) are satisfied.

**WHEREFORE**, Defendant Wal-Mart Stores East, LP respectfully requests that this State Action be removed from the Philadelphia County Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated:  August 30, 2022          **McDONNELL & ASSOCIATES, P.C.**

By:  */s/ Sonam J. Vachhani*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
Sonam J. Vachhani, Esquire
Attorney I.D. No. 323642
Email: svachhani@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610-337-2087 (F) 610-337-2575

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| YVETTE MARSHALL | : | CIVIL ACTION - LAW |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No: |
| WAL-MART STORES EAST, LP and | : | |
| TYLER JAMES, and | : | |
| DELVAL PROPERTIES ASSOCIATES and | : | |
| DELVAL PROPERTIES, INC. | : | |
| Defendants. | : | |
| | : | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, Sonam J. Vachhani, Esquire hereby certify that on August 29, 2022, the Defendant's Notice of Removal to the United States District Court for the Eastern District of Pennsylvania was filed electronically with the Court and is available for viewing and downloading from the First Judicial District Electronic Filing System. The filed document was served via electronic mail by the First Judicial District Electronic Filing System on the following registered E-Filing User(s):

| | |
|---|---|
| **Simon & Simon, P.C.** | **William J Ferren & Associates** |
| Marc I. Simon, Esquire | Paola Kaczynski, Esquire |
| 18 Campus Blvd., Suite 100 | P.O. Box 2903 |
| Newtown Squire, PA 19073 | Hartford, CT 06104 |
| *Attorney for Plaintiff* | *Attorney for Delval Properties* |

**McDonnell & Associates, P.C.**

Dated: August 30, 2022        By:    */s/ Sonam J. Vachhani*
                                                    Sonam J. Vachhani, Esquire
                                                    Attorney I.D. No. 323642
                                                    *Attorney for Wal-Mart Defendant*